No. 10,327.

## OVER v. HILDEBRAND ET AL.

LIBEL.—*Church Censures.*—The publication of written statements concerning a church member, charging him with having disturbed the peace of his church by circulating false statements about the pastor, and containing a censure therefor, if untrue and malicious, is *per se* actionable.

SAME.—*Church Jurisdiction.*—*Notice.*—*Evidence.*—In an action for libel the defendants answered that the publication was made by the defendants without malice, as a church council having, by the constitution and rules of the church, power to discipline members, the plaintiff being such, and in the regular administration of such discipline. Reply, that the defendants had no authority as a church council, because their action was without notice to the plaintiff, which notice was required by the constitution of the church. The plaintiff, having proved the publication by reading from the church record, then offered to read parts of the church constitution, showing that without notice to appear a member of the church was not subject to discipline by the council, and orally that such notice had not been given, and he had no knowledge of the proceedings till afterwards, but the court below rejected the evidence.

*Held,* that the evidence was admissible.

From the Marion Circuit Court.

*H. Dailey* and *W. N. Pickerill,* for appellant.

*L. L. Norton,* for appellees.

HAMMOND, J.—This was an action by the appellant against the appellees, seven in number, to recover damages for an alleged libel.

The complaint was in two paragraphs. The first was, in substance, as follows: That the appellant, prior to the grievance complained of, had always sustained a good character and been reputed and accepted in the community as a person of good name and reputation and a consistent member of Mount Pisgah English Evangelical Lutheran Church, in the city of Indianapolis, and had never even been suspected of having been guilty of violating the laws of said church, or neglecting his obligations as a member thereof, or of writing letters and causing to be printed and distributed circulars, addressed to the members of said church or to others, containing false and abusive statements concerning the pastor, church council

and the members of the congregation of said church, or of using his influence to break up the choir of said church, or of any unlawful conduct, or of disturbing the peace and injuring the welfare of the congregation of said church. Yet, that the appellees, well knowing the premises, and maliciously intending to injure the appellant and to bring him into public scandal and disgrace among his neighbors and especially among the members of said church, did, on or about October 20th, 1878, and again, on or about February 9th, 1879, falsely, wickedly and maliciously publish and caused to be published, of and concerning the appellant, certain false, defamatory and libellous matter to wit:

" Whereas Ewald Over, in violation of the laws of the church, neglected his obligations as a member of this congregation, and also did write letters and cause to be printed and distributed circulars, not only to the members of the congregation, but to other parties abroad, containing false and abusive statements concerning the pastor, church council and members of the congregation, and using his influence to break up the church choir; and whereas, on being admonished and called to an account, by the church council, he has declined to withdraw the statements so made in such public manner, or acknowledge his error; therefore, Resolved, That Bro. Ewald Over be and he is hereby censured for his unlawful and unchristian conduct in thus disturbing the peace and injuring the welfare of this congregation."

That on account of said publication the appellant has been ostracized from, and debarred the privileges of, said church, and has been brought into contumely, disgrace and hatred among his neighbors and friends, to his damage, etc.

The second paragraph of the complaint differs in no material respect from the first, except that it charges that the appellees, as well as the appellant, were, at the time of the publication complained of, members of the church named.

The appellees answered in five paragraphs: 1. The general denial; 2. They admit passing the resolution of censure com-

plained of, but say that at the time of its passage they constituted the church council of the church mentioned in the complaint, and passed said resolution as such council, not with any intention to injure or disgrace the appellant, but because they say that the matters set forth in the resolution were true; that by the constitution and laws of their church they had the power to discipline a member, and that the appellant, as a member of the church, was a subject for their discipline, and in support of this paragraph of their answer they set out with much detail and particularity various acts of the appellant as a justification of their said preamble and resolutions of censure.

The third, fourth and fifth paragraphs of the answer are substantially the same, each admitting the publication complained of, but alleging that it was made by the appellees as a church council, in good faith and without malice, in the regular course of church discipline, in accordance with the rules and regulations of the church.

The appellant demurred to the second, third, fourth and fifth paragraphs of the answer. His demurrer was overruled and an exception taken, but as no objection to either paragraph of the answer is made in this court, the demurrer thereto is regarded as waived.

The appellant replied: 1. By the general denial; 2. That the appellees acted without authority as a church council, because the appellant was not cited to appear before the council, had no notice of their proceedings, nor opportunity to respond to the charges made against him; and that by the rules of the church the appellees, as such council, had no jurisdiction without such notice having been first given to the appellant.

The case was tried by a jury, who returned a verdict for the appellees, and, over appellant's motion for a new trial and exceptions, judgment was rendered upon the verdict.

The evidence introduced by the appellant tended to prove the publication complained of; that such publication was made by the appellees while acting or assuming to act as the council of the church; that the matters imputed to the ap-

pellant in said publication were not true, and that he had been injured thereby in his social and devotional relations with his church.

During the trial the appellant offered in evidence certain parts of the constitution of the church for the purpose of showing, and which tended to show, that, as a member of the church, he was not subject to the discipline of the council without previous citation to appear before the same. He also offered to prove by himself that the proceedings had against him were without citation or notice to him, and that in fact he had no notice thereof until after said proceedings were had. The evidence so offered, on the appellees' objection, was rejected by the court. The appellant having concluded the introduction of his evidence, and the appellees having introduced some evidence, the latter, on the suggestion of the court, withdrew the evidence so introduced by them. Whereupon the court charged the jury to return a verdict for the appellees, which was accordingly done. To these several rulings proper exceptions were taken. They were embraced as causes for a new trial, and the overruling of that motion is one of the assigned errors in this court.

The publication complained of, if falsely and maliciously made, was actionable *per se*. The conduct imputed to the appellant would, if believed, have a tendency to injure him in the estimation, not only of members of his church, but of others whose opinions would be biased against him by the publication in question.

Where the official authorities of a church, in the discipline of a member, act in good faith and without malice, within the jurisdiction conferred upon them by the laws of the church, they are not liable for language, oral or written, used in such discipline. The law upon this subject is admirably stated by Chief Justice SHAW, in *Farnsworth* v. *Storrs*, 5 Cush. 412, as follows: "Amongst these powers and privileges, established by long and immemorial usage, churches have authority to deal with their members, for immoral and scandalous

·conduct; and for that purpose, to hear complaints, to take evidence and to decide; and, upon conviction, to administer proper punishment by way of rebuke, censure, suspension and ·excommunication. To this jurisdiction, every member, by ·entering into the church covenant, submits, and is bound by his consent. The proceedings of the church are *quasi* judicial, and therefore those who complain, or give testimony, or act and vote, or pronounce the result, orally or in writing, acting in good faith, and within the scope of the authority conferred by this limited jurisdiction, and not falsely or colorably, making such proceedings a pretense for covering an intended scandal, are protected by law." See, also, Townshend Slander and Libel (2d ed.), section 237; 1 Hilliard Torts, 355.

The appellant had introduced the church records to prove the publication of the alleged libel. It was competent for him to prove that the council, in passing the resolution complained of, was not acting within its lawful authority. To this end, the rejected evidence should have been admitted. The evidence admitted and that improperly excluded would, *prima facie*, have made a case for the appellant, entitling him to a verdict, unless the appellees by evidence, under the general denial, negatived the proof of publication as charged, or, under the second paragraph of their answer, showed that the matters imputed to the appellant were true, or under the third, fourth or fifth paragraphs of their answer, proved that, in the proceedings complained of, they were acting in good faith without malice, in the discipline of the appellant as a member of the church, in a case within their jurisdiction, under the laws of the church.

The court erred in excluding the offered evidence and in charging the jury to return a verdict for the appellees.

Judgment reversed at the appellees' costs, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Dec. 13, 1883.